[No. 14277–1–I.   Division One.   January 6, 1986.]

THE STATE OF WASHINGTON, *Respondent,* v. GARY GENE LANGDON, *Appellant.*

*James E. Lobsenz,* for appellant (appointed counsel for appeal).

*Norm Maleng, Prosecuting Attorney,* and *Jennifer Eychaner, Deputy,* for respondent.

WEBSTER, J.—Defendant Gary Gene Langdon appeals his conviction of first degree robbery, arguing that the court violated his Sixth Amendment rights by giving an additional instruction, without contacting defense counsel, after the jury had begun its deliberations. Although such an ex parte instruction was error, we find there was no prejudice to the defendant and therefore affirm.

Langdon was convicted by a King County jury for the first degree robbery of an elderly Seattle man. At trial, a witness testified that he was walking by a parking lot in the Capitol Hill area of Seattle when he saw Langdon and another man standing over the victim, who was lying down. The witness said Langdon was going through the victim's pockets. The witness and a friend began chasing Langdon and his companion. They eventually tackled Langdon and held him until police arrived.

The defendant gave a different account of the evening's events. He testified that he and two friends were walking home from a tavern that night when one of his friends walked across the street and attacked the victim. Langdon said that he yelled at his friend to leave the victim alone,

then walked over and picked up keys and money which had fallen during the attack. He claimed that he struggled with his friend to make him let go of the victim, and that he never went through the victim's pockets.

At the time of his arrest, Langdon was holding keys which were later identified as the victim's and $31 in cash.

The jury was instructed on the elements of first and second degree robbery, as well as accomplice liability and theft. After deliberating for 50 minutes, the jury sent a note to the court asking, "Does 'committing' mean aid in escaping?" Fourteen minutes later, after trying unsuccessfully to locate counsel, the judge sent the following reply to the jury: "You are bound by those instructions already given to you." The jury returned a guilty verdict after several more hours of deliberation.

Langdon's motion for arrest of judgment or new trial was denied, and he appeals.

CrR 6.15(f)(1) provides:

> After retirement for deliberation, if the jury desires to be informed on any point of law, the judge *may* require the officer having them in charge to conduct them into court. Upon the jury being brought into court, *the information requested, if given, shall be given in the presence of, or after notice to the parties or their counsel.* Any additional instruction upon any point of law shall be given in writing.

(Italics ours.)

The appropriate practice is thus to "communicate with a deliberating jury only with all counsel and the trial judge present". *State v. Russell,* 25 Wn. App. 933, 948, 611 P.2d 1320 (1980). Any communication between the court and the jury in the absence of the defendant is error and must be proven by the State to be harmless beyond a reasonable doubt. *State v. Caliguri,* 99 Wn.2d 501, 509, 664 P.2d 466 (1983).

The issue then becomes whether the State has shown that the court's instruction was harmless error. We hold that the State has made such a showing because the

court's instruction was neutral, simply referring the jury back to the previous instructions. *State v. Russell, supra; State v. Safford,* 24 Wn. App. 783, 604 P.2d 980 (1979).

Langdon argues that the judge's reply was inaccurate because it did not answer the jury's question. First, we note that it was within the trial court's discretion whether to give further instructions. CrR 6.15(f)(1); *State v. Miller,* 40 Wn. App. 483, 489, 698 P.2d 1123 (1985). The judge therefore had no duty to answer the jury's question. Second, even if the jury could have been genuinely confused about the accomplice instruction, that instruction is not challenged on appeal, nor was it challenged below. Therefore, the issue of that instruction's adequacy is not before us. RAP 2.5(a), 10.3(g).

The defendant relies upon *State v. Davenport,* 100 Wn.2d 757, 675 P.2d 1213 (1984), in which the court criticized the trial judge's reply to a jury inquiry. However, in *Davenport,* the court was critical of the trial judge's reply because it was not curative of the prosecutor's erroneous comments. 100 Wn.2d at 764. Here, there is no underlying error to be cured.

Affirmed.

SCHOLFIELD, A.C.J., and COLEMAN, J., concur.

Review denied by Supreme Court March 7, 1986.